For plaintiff: Morris Berick.

For defendant: Thomas P. Corcoran, C. E. Mangan.

Selina M. Daley
vs. }No. 76756.
Clinton N. Ryder

March 29, 1932.

CAPOTOSTO, J. The defendant seeks to set aside a verdict of $608 in favor of the plaintiff.

This is the second trial of the case. The first jury also found for the plaintiff, but a new trial was ordered and sustained on the ground of newly discovered evidence. The alleged facts are substantially stated in the rescript and opinion on file. There are a few observations, however, which are of importance to this Court at the present time that are not of record.

The plaintiff, an industrious woman with more physical strength than mental discrimination, through a high-powered, breezy real estate agent entered into the agreement in question with the defendant for the purchase of his property and parted with the sum of $500 as a deposit, $165 of which was immediately retained by the agent as his commission. The defendant himself, though of advanced years, is shrewd and reflects in tone and demeanor the external characteristics of self interest. The question at issue turns upon whether or not the plaintiff at the time of the deal knew that the defendant was restrained by injunction from selling the property.

The plaintiff said that she knew nothing about any injunction until after the time for the delivery of the deed as orally stated to her had passed; the defendant claims that she knew this from the very start. The memorandum, written by the real estate agent in defendant's home on a slip of paper from a pocket note book, is fragmentary and indicates undue haste. While it is a fact that nothing is said in this memorandum as to the time when the deed was to be delivered, it is equally significant that it is impressively silent as to the existence of any injunction. The attitude of agent and seller towards an inexperienced woman buyer is reflected in the defendant's statement to the effect that he left all details to Lindsley (the agent); that he had this opportunity to sell and he took it. The newly discovered testimony was at best cumulative rather than determinative.

The issue was a clear cut question of fact for the jury. While it is possible with equal sincerity to reach an opposite conclusion, this Court feels that the jury was justified by the evidence in arriving at the verdict which it did.

Motion for new trial denied.

For plaintiff: Thomas F. Vance.

For defendant: Thomas P. Corcoran.